OVERTON, Justice.
This cause is before us on a petition for writ of certiorari to review an order of the Florida Public Service Commission, which in effect requires those power customers living within a municipality to absorb the entire cost of franchise fees paid by Florida Power Corporation to the municipality. We have jurisdiction pursuant to Article V, Section 3(b)(7), Florida Constitution.
The petitioners before us are cities who are parties to franchise agreements with Florida Power. These agreements provide the power company with easements and rights-of-way in return for franchise fees. The cities contend that Florida Power should be granted permission to use the “spread method” which would permit the power company to treat these fees as operating expenditures and pass them on to all customers, including those living in unincorporated nonfranchise areas. The cities assert that because the power company supplies electricity through a single integrated system, all customers benefit from the franchise agreements which avoid the more costly alternatives of lease agreements or condemnation proceedings. The opposing view is that the franchise agreements bear no relationship to the benefits provided to customers living in unincorporated nonfran-chise areas. The Commission recognized the merits in both positions and determined' from the evidence that the direct method rather than the spread method was the more equitable and reasonable method of cost distribution.
We hold that the findings of the Commission are supported by competent substantial evidence and comply with our directives in City of Plant City v. Mayo, 337 So.2d 966 (Fla.1976), and Florida Retail Federation, Inc. v. Mayo, 331 So.2d 308 (Fla.1976).
Accordingly, the petition for certiorari is denied.
It is so ordered.
ENGLAND, C. J„ and SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.