HATCHETT, Justice.
This cause is before us on petition for writ of certiorari to review an order of the Florida Public Service Commission which requires Florida Power & Light Company to implement the direct method of collecting franchise fees from its customers. We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution. We deny the petition for certiorari.
The direct method ordered by the Commission requires Florida Power & Light Company to collect its franchise fee expense only from resident-customers of municipalities receiving franchise fees from the company, as opposed to the traditional spread method which distributes the cost of these fees among municipal and non-municipal customers. The petitioners contend that the record is devoid of substantial and competent evidence to support the findings and conclusions contained in the Commission order. (Order No. 8524.) We disagree.
After public hearings were held giving all interested parties an opportunity to be heard, a hearing examiner recommended that the company be ordered to implement the direct method of collecting franchise fees. After analyzing the merits of both positions, the Commission determined from the evidence that the direct method rather than the spread method was the more equitable and desirable method of cost distribution. This procedure fully complies with our directives in City of Plant City v. Hawkins, No. 54,972 (Fla. July 12, 1979), and City of Plant City v. Mayo, 337 So.2d 966 (Fla.1976). See also, City of St. Petersburg v. Hawkins, 366 So.2d 429 (Fla.1978).
After reviewing the record, we hold that the findings of the Commission are supported by competent and substantial evidence and, therefore, deny the petition for writ of certiorari.
It is so ordered.
BOYD, OVERTON and ALDERMAN, JJ., concur.
ENGLAND, C. J., and ADKINS, J., dissent.